### Bythel Haynes, Liquidator, *v.* A. D. Palmer.

When the charter of an incorporated company provides that a mortgage stockholder may transfer his stock and be released from his mortgage, upon the new stockholder furnishing mortgage to the satisfaction of tne President and Directors of the company, no personal liability on the part of the original stockholder remains, after a transfer so made.

APPEAL from the District Court of East Feliciana, *Haralson*, Judge of the Ninth District, presiding. *John McVea* and *E. P. Ellis*, for plaintiff and appellant. *Bowman & DeLee* and *J. O. Fuqua*, for defendant.

BUCHANAN, J. The evidence supports the plea of transfer of defendant's mortgage stock, many years before the institution of this suit, to *Humphrey Taylor*. The mortgage given by *Taylor* for the security of the stock, the approbation of the Board of Directors of the Clinton and Port Hudson Railroad Company, and the release of the mortgage of defendant, are proved. The 23d section of the amended charter of the company, approved 10th March, 1834, Session Acts, page 120, sanctions such transfers : and the objection to the evidence of *Scott* and *Brian*, taken in connection with the extracts from the minutes of the Board of Directors, and other documentary evidence, was properly overruled. The counsel of plaintiff has argued that, notwithstanding the transfer of the mortgage stock, a personal liability on the part of the defendant, as one of the original subscribers to the capital stock, remains. We do not think so. It does not appear that defendant borrowed any money of the company while a stockholder, by note, pledge of his stock, or other security, for which he remained in the debt of the company when his stock was transferred. In this particular, this case differs from that of the *Commissioners of the Railroad Company* v. *Kernon*, reported in 10th Robinson, cited by the counsel of plaintiff.

Judgment affirmed, with costs.

MERRICK, C. J., having been of counsel in this case, recused himself.